UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF NEW YORK
------------------------------------------------------------------------x
PKOH NYC, LLC,                                         :     Case No.
                                                       :
                              Plaintiff,               :
                                                       :     **COMPLAINT**
            -against-                                  :
                                                       :
THE BOTTLE CREW, LLC,                                  :
                                                       :
                              Defendant.               :
------------------------------------------------------------------------x

      Plaintiff, PKOH NYC, LLC ("Koh"), by its attorneys, Phillips Nizer LLP, as and for its Complaint against Defendant, The Bottle Crew, LLC ("TBC"), alleges as follows:

## THE PARTIES

      1.    Koh is a New York limited liability company having its principal place of business in the County of New York, City and State of New York.

      2.    TBC is a Michigan limited liability company having its principal place of business in West Bloomfield, Michigan.

## NATURE OF THE ACTION

      3.    This is an action to enforce a license agreement requiring TBC to pay quarterly royalties to Koh in exchange for a license to sell products that are covered under Koh's patent.

## JURISDICTION AND VENUE

      4.    This Court has jurisdiction of this action under 28 U.S.C. § 1332 based upon diversity of citizenship since the parties are citizens of different states and the amount in controversy exceed $75,000, exclusive of interest and costs.

      5.    Venue is proper in this district because TBC has consented to the jurisdiction of this Court by agreeing to Article 10.7 of the License Agreement at issue in this matter, which

states that, "[a]ny suit or claim brought by either party for breach of this Agreement shall be filed in the state or federal courts in the County of New York, City of New York."[1]

## FACTUAL ALLEGATIONS

6. Koh owns the entire right, title, and interests in United States Patent No. 7,959,036, entitled "Elastomeric Dispensing Container," and the inventions described therein (the "Koh Patent").

7. Koh and TBC entered into a license agreement, effective February 9, 2016, whereby Koh granted to TBC a non-exclusive license to make, use, offer for sale, sell, and import certain licensed products made or sold by or for TBC that embody any part of the inventions claimed in the Koh Patent.

8. The License Agreement provides the following definitions, which this Complaint adopts:

   a. "Koh Patent Rights" means the Koh Patent and any U.S. continuations, reissues, or extensions thereof.

   b. "Licensed Products" means all products made or sold by or for TBC that embody any part of the inventions claims in the Koh Patent Rights, including without limitations, all products made using any method claimed in the Koh Patent Rights.

   c. "TBC Affiliated Entity" means a parent, sister, or subsidiary corporation of TBC.

   d. "TBC Sales Channels" means the manufactures, distributors, customers, or any other entities through whom TBC manufactures, distributes, or sells the Licensed Products.

---

[1] Pursuant to Article 5.2 of the License Agreement, Koh may disclose the otherwise confidential terms and conditions of the agreement, as the disclosure is necessary to enforce the agreement. Koh will provide a copy of the full License Agreement *in camera* or under seal if requested by the Court.

e. "Gross Sales" means all revenues earned by TBC from sales of the Licensed Products without any limitations or deductions, whether the sales are transacted by TBC or by any TBC Sales Channels.

9. Article 9.1 of the License Agreement states that the "Agreement shall commence upon the Effective Date and continue until the expiration of the last patent of the Koh Patent Rights."

10. Article 4.2 of the License Agreement states that, "[t]hroughout the term of this Agreement, TBC shall pay Koh royalties equal to [a confidential percentage] of its Gross Sales on a quarterly basis. Royalties for any sales of Licensed Products shall be payable within thirty (30) days following the close of the preceding calendar quarter."

11. Article 4.4 of the License Agreement states, in pertinent part, that, "[t]hroughout the term of this Agreement, TBC shall make quarterly reports to Koh on or before each quarterly anniversary of the Effective Date of this Agreement. Each quarterly report shall indicate all Gross Sales earned from the Licensed Products during the preceding three months, and the royalty payable to Koh as a result. Such reports shall set forth reasonably detailed information identifying the Licensed Products, number of Units of Licensed Products, Gross Sales, and a calculation of the applicable royalties, all for the applicable reporting period. The royalties payable by TBC to Koh will accompany such quarterly reports."

12. From 2016 through the first half of 2020, TBC paid royalties to Koh pursuant to License Agreement.

13. TBC failed to produce to Koh quarterly reports, or pay any royalties, for the second half of 2020 and the entire 2021 (the "Relevant Period").

14. Upon information and belief, TBC has been making, using, offering for sale, selling, and/or importing the Licensed Products during the Relevant Period for a profit.

15. Upon information and belief, TBC's royalty payments to Koh for the second half of 2020 and for 2021 would have exceeded $75,000.

16. Pursuant to Article 9.2 of the License Agreement, Koh is entitled to terminate the License Agreement by written notice to TBC in the event TBC is in material breach of any of its obligations under the License Agreement and fails to remedy any such default within sixty (60) days after notice by Koh.

17. Pursuant to Article 4.2.2 of the License Agreement, if TBC is more than thirty (30) days in arrears in any payment due under the License Agreement, "Koh may terminate this Agreement pursuant to Article 9.2 hereof."

18. TBC's failure to provide quarterly reports for the Relevant Period, and to pay any associated royalties owed to Koh, constitutes a material breach of the License Agreement.

19. On October 1, 2021, counsel for Koh sent TBC a letter via the method described in Article 10.6 of the License Agreement, stating that Koh had made numerous requests for past due quarterly reports and payments under the License Agreement since March 2021, and that Koh was now providing TBC with sixty-days' (60) notice to cure the breach, pursuant to Articles 4.2.2 and 9.2 of the License Agreement. The letter further stated that the License Agreement would be terminated at the end of those sixty (60) days if TBC failed to cure the breach.

20. By December 1, 2021, TBC had still failed to provide any past due quarterly reports or associated royalty payments.

21. As such, the License Agreement was terminated, effective December 1, 2021.

22. The last patent of the Koh Patent Rights had not expired by December 1, 2021.

23. Article 9.3.1 of the License Agreement states, in pertinent part, that, "[i]n the event of the expiration or termination of this Agreement for any reason, TBC shall make all payments due and accrued to Koh up and until the effective date of termination of this Agreement."

24. Thus, TBC is required to pay all royalties due from the second half of 2020 through at least December 1, 2021.

25. On February 9, 2022, counsel for Koh informed TBC via email and by certified mail pursuant to the notice provisions of Article 10.6 that more than sixty (60) days had passed since the October 1, 2021 letter and TBC had failed to cure their material breach of the License Agreement by failing to provide any past due reports or royalty payments. Counsel for Koh offered TBC another opportunity to resolve the matter before Koh filed suit to enforce the License Agreement.

26. TBC never responded to this February 9, 2022 communication.

27. In addition to the royalties due, TBC is required to pay Koh's costs and attorneys' fees in connection with the prosecution of this action, pursuant to Article 4.2.4 of the License Agreement, which states that if Koh incurs any costs, expenses, or fees, including attorneys' fees and professional collection services fees, in connection with the collection of any royalties sixty (60) days overdue under the License Agreement, TBC agrees to reimburse Koh for all such costs, expenses, and fees.

28. Pursuant to Article 10.7 of the License Agreement, in the event of any breach of the License Agreement, the prevailing party shall be entitled to recover its costs, including reasonably attorneys' fees.

29. Article 9.3.3 provides that the obligations including the obligation to pay royalties under Article 4 and for venue in New York and attorneys' fees under Article 10 survive termination of the License Agreement.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
## (BREACH OF CONTRACT)

30. Koh repeats and realleges each of the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Koh and TBC entered into the License Agreement, a valid and enforceable written contract, pursuant to which, Koh agreed to grant TBC a license under the Koh Patent Rights to make, use, offer for sale, sell, and/or import the Licensed Products and TBC agreed to prepare quarterly reports to Koh of it Gross Sales earned from the Licensed Products and then pay to Koh all applicable royalties.

32. Koh has fully performed its obligations under the terms of the License Agreement, as there is no dispute that Koh granted the license.

33. TBC is in material breach of the License Agreement by its failure to provide the required quarterly reports for the Relevant Period, and to pay the associated royalties to Koh through December 1, 2020.

34. As a result, Koh has been damaged in an amount to be determined at trial, but not less than $100,000.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
## (LOST PROFITS)

35. Koh repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Upon information and belief, TBC has been making, using, offering for sale, selling, and/or importing the Licensed Products during the Relevant Period for a profit.

37. In breach of the License Agreement, TBC has not paid any royalties for these sales for the second half of 2020, or for 2021 through December 1, 2021.

38. By reason of TBC's failure to pay royalties to Koh, Koh has lost tangible and quantifiable profits.

39. Koh's damages were fairly within the contemplation of the parties when they entered into the License Agreement.

40. Koh's damages can be proven with a reasonable certainty based on TBC's Gross Sales during the Relevant Period.

41. As a result, Koh has been damaged in an amount to be determined at trial, but not less than $100,000.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT**
**(UNJUST ENRICHMENT)**

42. Koh repeats and realleges each of the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. TBC has been enriched and received a direct benefit from Koh by way of making, using, offering for sale, selling, and/or importing the Licensed Products during the Relevant Period for a profit without paying any royalties owed to Koh.

44. Koh received no benefit of any kind during the Relevant Period in connection with the granting of the license.

45. Koh has demanded the royalty payments from TBC, which remain unpaid to date.

46. Under such circumstances, TBC's retention of the royalty payments due to Koh violates principles of equity and good conscience, and should not be permitted.

3390753.1

47. As a result, TBC has been unjustly enriched at Koh's expense in an amount to be determined at trial, but not less than $100,000.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### (ATTORNEYS' FEES)

48. Koh repeats and realleges each of the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. Koh is entitled to an award of attorneys' fees and costs related to the prosecution of this action.

50. As a result, Koh is entitled to judgment against TBC in an amount to be determined at trial, but not less than $10,000.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

i. On the First Cause of Action against Defendant, awarding Plaintiff damages in an amount to be determined at trial, but not less than $100,000;
ii. On the Second Cause of Action against Defendant, awarding Plaintiff damages in an amount to be determined at trial, but not less than $100,000;
iii. On the Third Cause of Action against Defendant, awarding Plaintiff damages in an amount to be determined at trial, but not less than $100,000;
iv. On the Fourth Cause of Action against Defendant, awarding Plaintiff attorneys' fees and costs in an amount to be determined at trial, but not less than $10,000;
v. Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 29, 2022

Yours, etc.

PHILLIPS NIZER LLP
Attorneys for Plaintiff

By: */s/ Tod M. Melgar*
Tod M. Melgar
Leah Frankel
485 Lexington Avenue, 14th Floor
New York, New York 10017
(212) 977-9700
tmelgar@phillipsnizer.com
lfrankel@phillipsnizer.com

8

3390753.1